UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Richard McLaughlin, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| Olde Town Team Realty Trust; Boston Red Sox Baseball Club Limited Partnership; and Fenway Park, LLC, | ) |
| Defendants. | ) |

## **COMPLAINT**

Parties and Jurisdiction

1. At all times relevant to this action, the Plaintiff, Richard McLaughlin, was a resident of Hudson, New Hampshire, County of Hillsborough, State of New Hampshire.

2. At all times relevant to this action, Defendants Olde Town Team Realty Trust, (established under Declaration of Trust dated June 2, 1998, filed for registration with the Suffolk County Registry District of the Land Court as Document No. 567435, and recorded in the Suffolk County Registry of Deeds at Book 22540, Page 150 )("the Trust"),and trustees John W. Henry, Thomas C. Werner, Larry Lucchino and Michael Dee, were the owners of 2-6 Yawkey Way, Boston, Massachusetts, home to land and buildings known as Fenway Park ("Fenway Park") located at 4 Yawkey Way, Boston, Massachusetts.

3. At all times relevant to this action, Defendant Boston Red Sox Baseball Club Limited Partnership (the "Club") was a Massachusetts limited partnership. Upon information and belief, the Club is the beneficiary of the Trust that owns Fenway Park.

1

4. At all times relevant to this action, Fenway Park, LLC was the authorized lessee of Fenway Park. Fenway Park LLC is a Delaware limited liability company with a principal office is located at 4 Yawkey Way, Boston, Massachusetts, and its registered agent is listed as Jeffrey A. Libert, C/O Forest Properties Management, Inc., 19-33 Needham Street, Newton, Massachusetts.

5. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) as this matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

6. The District of Massachusetts is the appropriate venue for this dispute because the events giving rise to the claims in this matter arose in Boston, Massachusetts.

## FACTS

7. Plaintiff hereby reincorporates by reference each and every allegation set forth above as though fully set forth herein.

8. On May 4, 2010, Plaintiff attended a Boston Red Sox game at Fenway Park, accompanied by a friend.

9. Plaintiff and his friend had tickets to attend the game.

10. Plaintiff and his friend were seated in a bleacher area of Fenway Park in right field, behind the Red Sox bullpen.

11. Plaintiff's friend was seated immediately next to him in a stadium seat bolted to the ground.

12. Plaintiff was seated in a metal folding chair provided by Defendants.

13. During the game, the folding chair that Plaintiff was seated in suddenly collapsed and flattened, causing Plaintiff to fall backwards onto the cement, hitting his head, neck, back and right shoulder. Plaintiff suffered serious and permanent injuries.

14.     Upon information and belief, the folding chair upon which Plaintiff was seated was provided by Defendants, and it was under the exclusive custody, care and control of the Defendants.

15.     Upon information and belief, the folding chair was not in a condition that permitted ticket holders to watch an entire game comfortably and without incident.

16.     At all times, Plaintiff exercised appropriate care and used his seat for its intended purpose.

Count I
Negligence
(Against all Defendants)

17.     Plaintiff hereby incorporates by reference each and every allegation set forth above as if fully set forth herein.

18.     Defendants as owners, lessees and operators of Fenway Park owed a duty of care to Plaintiff, a ticketholder who was lawfully on the Fenway Park premises as an invited patron and spectator. Defendants had a duty to use reasonable care in maintaining the premises at Fenway Park and not to create dangerous conditions for their patrons, including Plaintiff.

19.     Defendants negligently breached their duty of care to Plaintiff.

20.     Plaintiff was injured due to the negligence of the Defendants in failing to maintain, inspect, identify, discover and/or remedy the unreasonably dangerous condition on its premises, specifically, the defective chair which had been in a defective condition or state of disrepair such that Defendants knew or, in the exercise of reasonable care, should have known of its existence and taken steps to inspect, maintain, and remedy the faulty chair, and/or warn of the presence of the dangerous condition.

21.     Defendants were careless and negligent in maintaining the premises at Fenway Park in working order and safe repair, in failing to inspect, identify and/or remedy

a hazardous and/or defective condition on the premises, in failing to supervise, hire, train, and/or hold accountable employees designated to perform safety inspections and periodic maintenance, and in otherwise failing to maintain the premises in a reasonably safe condition for invitees, including Plaintiff, thereby imposing an unreasonable risk or injury upon Plaintiff and others similarly situated.

22. As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff sustained injuries including physical injuries and impairment, pain and suffering, medical expenses, loss of earnings and earning capacity, psychological injuries and emotional distress, and Plaintiff will continue to suffer injuries into the future.

Wherefore Plaintiff claim damages and demand judgment against Defendants with interest and costs.

PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

Richard McLaughlin
By His Attorneys:
SHAHEEN & GORDON, P.A.

Dated:  October 10, 2012

/S/ D. Michael Noonan
D. Michael Noonan, #558247
P.O. Box 977, 140 Washington Street
Dover, NH  03821-0977
(603) 749-5000